IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| VINGLACÉ, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NUMBER |
| v. | ) | |
| | ) | _____ |
| OCCASIONALLY MADE LLC | ) | |
| D/B/A SWIG LIFE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Requested |

**VINGLACÉ, LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vinglacé, LLC ("Vinglacé or Plaintiff") hereby submits this Complaint for Patent Infringement against Defendant Occasionally Made LLC d/b/a Swig Life ("Swig Life" or "Defendant") and states as follows:

**INTRODUCTION**

1. Vinglacé, a family-owned business founded in 2016 to serve an unmet market need, has developed groundbreaking inventions for beverage-insulating containers. These inventions are protected by multiple United States patents, including U.S. Patent No. 10,703,553 (the "'553 Patent" or the "patent-in-suit"). A true and accurate copy of the '553 Patent is attached hereto and incorporated herein by reference as Exhibit 1.

2. Not only did Vinglacé invent a new beverage-insulating product, it single-handedly pioneered and virtually created the market for portable, vacuum-insulated beverage containers capable of holding and insulating bottles of various sizes, thereby maintaining the perfect drinking temperature of the beverage. The insulated containers offered by Vinglacé provide a convenient,

user-friendly means of keeping beverages, including wine and champagne, at their intended temperature while they remain in their original bottle.

3. Vinglacé's products have numerous advantages over traditional options (such as maintaining the temperature of a beverage by placing a bottle of wine on ice or in a pre-frozen sleeve). For example, the Vinglacé beverage container features a "retaining member" that can accommodate bottles of various shapes and sizes while retaining the bottle in the vacuum insulated container. It has the further advantage that the bottle may be poured without removing it from the beverage container. The Vinglacé beverage container also eliminates external condensation, permitting the holder to pour the contents of the vessel without contacting a slippery (and cold) surface. Images of Vinglacé beverage containers are depicted below.



4. Development of this innovative product took time and money. As the first-movers in this product space, Vinglacé's two founders have invested significant resources into developing

the technology that undergirds the features of the Vinglacé beverage container. Their hard work is embodied in a series of patents, one of which is at issue in this lawsuit.

5. Vinglacé makes, offers to sell, and sells its beverage-insulating products direct to consumers through its website (https://www.vinglace.com/) and through distributors and other channels such as Amazon.com throughout the United States. Vinglacé marks the covered products on its website in accordance with 35 U.S.C. § 287.

6. Vinglacé's success and status as the original creator of its innovative product has inspired copycats—companies that attempt to market knock-offs of the patented Vinglacé product without the consent of Vinglacé. Defendant Swig Life is one such copycat.

7. Swig Life markets and sells a line of beverage-containing products that are encompassed by, and infringe upon, Vinglacé's patented technology (the "Swig Life Infringing Products"). An image of one such Swig Life Infringing Product is depicted below.



8. Swig Life markets infringing products like the one depicted above direct to consumer on its website. A true and correct copy of Swig Life's website (available at https://www.swiglife.com/collections/barware) is attached hereto as Exhibit 2.

9. Swig Life also markets infringing products like the one depicted above through distributors and other channels throughout the United States, including but not limited to Amazon.com. A true and correct copy of Amazon.com's website (available at https://www.amazon.com/Swig-Life-Insulated-Dishwasher-Stainless/dp/B088ZNLDJR?ref_=ast_sto_dp) is attached hereto as Exhibit 3.

10. Swig Life's beverage container purports to provide the same advantages as the beverage-containing products marketed by Vinglacé. But Swig Life did not invest the sweat equity that Vinglacé did in developing this market, nor did Swig Life develop and patent the invention depicted above—as Vinglacé did.

11. Unfortunately, despite its awareness that Vinglacé has patented the very beverage container technology that Swig Life manufactures, markets, and sells, Swig Life has failed to cease its infringement and instead has willfully continued to manufacture, market, and sell its infringing products.

## THE PATENT-IN-SUIT

12. This is a patent infringement case in which Vinglacé seeks injunctive relief and compensation for Swig Life's infringement of the patent-in-suit.

13. The application for the '553 Patent was filed on September 6, 2019. The patent issued on July 7, 2020. The '553 Patent claims priority to filings dating as far back as September 28, 2016.

14. Vinglacé is the owner of the entire right, title and interest in the '553 Patent, including the right to sue for past, present, and future infringement thereof and to collect damages for any such past, present, or future infringement. The inventions disclosed and claimed in the '553 Patent provide numerous benefits over any prior existing beverage-insulating/chilling devices and

technologies. Vinglacé has not licensed the '553 Patent to Swig Life, nor has it otherwise consented to Swig Life's infringement.

15. The '553 Patent is entitled "RETAINING MEMBER AND INSULATING VESSEL INCORPORATING SAME." Generally speaking, the matter described and claimed by the '553 Patent includes a retaining member that may find use with an insulated vessel such that the retaining member holds bottles of different shapes and sizes, while also maintaining the temperature of bottles and eliminating condensation thereon.

## THE PARTIES

16. Plaintiff Vinglacé is a Limited Liability Company incorporated in Texas and having its place of business in Houston, Texas.

17. Defendant Swig Life is a Limited Liability Company incorporated in Virginia with its principal place of business at 8001 Franklin Farms Drive, Henrico, Virginia 23229. Swig Life may be served through its registered agent for service of process: Park and Company of Virginia, P.C., 8001 Franklin Farms Drive Suite 100, Richmond, Virginia 23229.

## JURISDICTION AND VENUE

18. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101, et seq.

19. The Court has personal jurisdiction over Swig Life. The Court has general jurisdiction over Swig Life because Swig Life is incorporated in Virginia, has its principal place of business in Virginia, and otherwise has continuous and systematic contacts with the State of Virginia such that it is at home here. The Court further has specific jurisdiction over Swig Life because Swig Life has established minimum contacts with, and purposefully availed itself of, this

forum in connection with the claims brought by Vinglacé, including through the marketing and sale of the Swig Life Infringing Products in Virginia. Vinglacé's claims of infringement, including as set forth herein, arise in part out of Swig Life's infringing uses, sales, and offers for sale of the Swig Life Infringing Products occurring in the State of Virginia.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Swig Life "resides" in this judicial district and has further committed acts of infringement within this judicial district and has a regular and established place of business here—including its principal office and place of business, located within this judicial district at 8001 Franklin Farms Drive, Henrico, Virginia 23229.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 10,703,553

21. All prior paragraphs of this Complaint are incorporated as if set forth fully herein.

22. Claim 1 of the '553 Patent covers "a retaining member, comprising: a body comprising an upper portion, a lower portion, and a frustoconical portion extending between the upper and lower portions; a cylindrical skirt extending from the lower portion of the body; and a deformable member extending from the upper portion, wherein the retaining member forms an opening in the upper portion of the body to receive a neck of a bottle therethrough, the deformable member overlaps the opening, at an upper edge of the upper portion, and has an inner diameter that is less than an inner diameter of the upper portion, and the cylindrical skirt of the retaining member is configured to engage an internal surface of a vacuum-insulated vessel to retain the bottle within the vacuum-insulated vessel, such that a user can access contents of the bottle without removing the bottle from the vacuum-insulated vessel." '553 Patent at 25, and as shown in Figure 17 of the '553 Patent:



FIG. 17

23. The Swig Life Infringing Products are encompassed by all elements of Claim 1 of the '553 Patent, as described in further detail below.

24. The Swig Life Infringing Products consist of a retaining member comprised of a body comprising an upper portion, a lower portion, and a frustoconical portion extending between the upper and lower portions, as described in Figure 1 below:



***FIGURE 1***

7

25.     The Swig Life Infringing Products include a cylindrical skirt extending from the lower portion of the body of the retaining member, as described in Figure 1.

26.     As illustrated in Figure 2 and Figure 3 below, the Swig Life Infringing Products consist of a retaining member comprising a deformable member extending from the upper portion, wherein: (i) the retaining member forms an opening in the upper portion of the body to receive a neck of a bottle therethrough, (ii) the deformable member overlaps the opening, at an upper edge of the upper portion, and has an inner diameter that is less than an inner diameter of the upper portion, and (iii) the cylindrical skirt of the retaining member is configured to engage an internal surface of a vacuum-insulated vessel to retain the bottle within the vacuum-insulated vessel, such that a user can access contents of the bottle without removing the bottle from the vacuum-insulated vessel:



**FIGURE 2**



**FIGURE 3**

27.     Swig Life has infringed, and continues to infringe, the claims of the '553 Patent, including at least as noted above, including by making, using, offering for sale, selling and/or importing the Swig Life Infringing Products in violation of 35 U.S.C. § 271(a). Vinglacé has not consented to these actions.

28.     Swig Life has also infringed, and continues to infringe, the claims of the '553 Patent, including at least as noted above, by actively inducing others to use, offer for resale, and resell the Swig Life Infringing Products. Vinglacé has not consented to these actions.

29.     Swig Life has had constructive notice of the '553 Patent since at least its publication and/or issuance. Swig Life has been on actual notice of the '553 Patent since, at the latest, July 22, 2020—the date Vinglacé provided Swig Life notice of the '553 Patent by sending Swig Life a letter (via electronic mail and Federal Express) attaching a copy of the '553 Patent. By the time of

trial, Swig Life will have known and intended (since receiving such notice) that its continued actions would actively infringe and/or induce the infringement of the above-noted claim of the '553 Patent.

30. Swig Life's knowing and intentional post-suit continuance of its unjustified infringement of the '553 Patent will necessarily support a finding of willful infringement. Accordingly, since at least receiving notice of this suit, Swig Life has willfully infringed the '553 Patent.

31. The acts of infringement by Swig Life have caused damage to Vinglacé, and Vinglacé is entitled to recover from Swig Life the damages sustained by Vinglacé as a result of Defendant's wrongful acts in an amount subject to proof at trial but no less than a reasonable royalty.

**REQUEST FOR INJUNCTION**

32. All prior paragraphs of this Complaint are incorporated as if set out fully herein.

33. The infringement of Vinglacé's exclusive rights under the '553 Patent by Swig Life has damaged and will continue to damage Vinglacé, causing irreparable harm, for which there is no adequate remedy at law.

34. Unless restrained, Swig Life will cause further irreparable harm to Vinglacé for which there is no adequate remedy at law. As a result, Vinglacé seeks a preliminary and permanent injunction against Swig Life to prevent Swig Life from continuing to engage in unlawful infringement of the '553 Patent.

35. There is a substantial likelihood of success on the merits of Vinglacé's claim against Swig Life.

36. The threatened injury to Vinglacé outweighs any possible harm to Swig Life, because an injunction would simply require Swig Life to cease infringing upon the '553 Patent—which Swig Life has no right to do.

37. In addition, the public interest would be served by an injunction because there is a strong federal and public interest in maintaining protections over intellectual property. These protections encourage further innovation and development, which redounds to the benefit of the public.

38. The circumstances warrant an injunction prohibiting Swig Life from manufacturing, marketing, distributing, or selling any products that are encompassed by the '553 Patent.

## JURY DEMAND

39. Vinglacé demands a trial by jury on all issues so triable.

## ATTORNEYS' FEES

40. Vinglacé seeks and is entitled to recover its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

41. Vinglacé requests entry of judgment in its favor and against Swig Life as follows:

   a. Adjudging that Swig Life has infringed, willfully infringed, and actively induced infringement of the '553 Patent, in violation of 35 U.S.C. § 271(a) and (b).

   b. Granting a preliminary and permanent injunction enjoining Swig Life and its officer, employees, and agents from infringing and/or inducing infringement of the '553 Patent.

   c. Ordering Swig Life to account and pay damages to Vinglacé for Swig Life's infringement of the '553 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284.

    d.    Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284.

    e.    Declaring this case exceptional and awarding Vinglacé its reasonable attorney fees, pursuant to 35 U.S.C. § 285.

    f.    Awarding such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: August 6, 2020

/s/ Ian R. Dickinson
Ian R. Dickinson (VSB No. 92736)
Jason C. Hicks (VSB No. 46961)
WOMBLE BOND DICKINSON (US) LLP
201 E. Main Street, Suite P
Charlottesville, VA 22902
Phone: (202) 857-4463
Fax:    (202) 261-0053
E-mail: Ian.Dickinson@wbd-us.com
Email:  Jason.Hicks@wbd-us.com

*Counsel for Plaintiff Vinglacé, LLC*

OF COUNSEL:

Barry J. Herman (*pro hac vice* to be filed)
Julie C. Giardina (*pro hac vice* to be filed)
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email:  Barry.Herman@wbd-us.com
Email:  Julie.Giardina@wbd-us.com


Preston H. Heard (*pro hac vice* to be filed)
Lauren Baker (*pro hac vice* to be filed)
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email:  Lauren.Baker@wbd-us.com

Lisa J. Moyles (*pro hac vice* to be filed)
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com


Michael R. Absmeier (*pro hac vice* to be filed)
Charles Rosson (*pro hac vice* to be filed)
GIBBS & BRUNS, LLP
1100 Louisiana Street, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
mabsmeier@gibbsbruns.com
crosson@gibbsbruns.com